**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DAVID ZEKE MORRIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 5:25-CV-14 (CAR)** |
| | : | |
| **ANTOINE CALDWELL,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**JOINT PROTECTIVE ORDER**

**THE COURT ALERTS THE PARTIES THAT IT HAS REVISED PARAGRAPH SEVEN AND DELETED PARAGRAPHS SIXTEEN AND SEVENTEEN OF THE PROTECTIVE ORDER SUBMITTED TO THE COURT.**

The Parties and non-party Georgia Department of Corrections ("GDC") agreed to the terms of a proposed Joint Protective Order. After considering its terms, the Court revised paragraph seven and deleted paragraphs 16 and 17 of the proposed order. For good cause shown, the Court **GRANTS** the Parties' Joint Motion for Protective Order [Doc. 33].

**IT IS HEREBY ORDERED** that documents produced in discovery in this matter shall be protected as follows:

1

(1) The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;

(2) Nothing in this Order shall be construed as relieving any party or GDC from the obligation imposed by Local Rule to file a motion seeking the sealing of confidential documents;

(3) Nothing in this Order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records; and

(4) Nothing in this Order shall be construed as limiting the parties' right to seek discovery concerning any matter, or to modify the parties' or GDC's duties to respond accurately and completely to discovery requests, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

The Court further **ORDERS** as follows:

1. Documents shall presumptively be subject to the provisions of this Order if they are prominently marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" on each page containing information believed to be confidential.

2. Copies of any documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall be distributed only to and the information therein shared

2

only with (a) the Parties or directors, officers, and employees of Parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement; (b) the attorneys of record in this action and their respective associates, clerks, legal assistants, stenographic and support personnel; (c) experts and consultants retained by the Parties or the attorneys of record for this litigation and the employees, assistants, and agents of such experts and consultants who are assisting them for the purposes of this action; (d) court reporters, deposition stenographers, and videographers; (e) potential witnesses or persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary to prepare them to testify; (f) the Court and its staff members; (g) GDC and its attorneys of record; and (h) such other persons as may be designated hereafter by written agreement of all Parties in this action or by order of the Court.

3.     Copies of any documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" shall be distributed only to and the information therein shared only with (a) the attorneys of record in this action and their respective associates, clerks, legal assistants, stenographic and support personnel; (b) experts and consultants retained by the Parties or the attorneys of record for this litigation and the employees, assistants, and agents of such experts and consultants who are assisting them for the purposes of this action; (c) court reporters, deposition

stenographers, and videographers; (d) potential witnesses or persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary to prepare them to testify; (e) the Court and its staff members; (f) GDC and its attorneys of record; and (g) such other persons as may be designated hereafter by written agreement of all Parties in this action or by order of the Court.

4.    Counsel for a party shall be permitted to show any document marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to and to reveal therein to any party or witness in connection with a deposition, interview, or hearing pertaining to this case.

5.    If any document marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" is filed with the Court, the document containing the confidential information shall be filed under seal or with the confidential information redacted, following the Court's applicable rules for such filing.

6.    Documents should not be designated as confidential as a matter of course. Mere agreement by the Parties and/or GDC that documents should be designated as confidential does not automatically satisfy the Fed. R. Civ. P. 26(c) good cause standard. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001). Good cause will generally only be established where the materials (e.g., documents or

4

testimony) contain trade secrets, personal identifying information, personal health information protected by the Health Insurance Portability and Accountability Act, sensitive commercial information, information deemed a "state secret" pursuant to O.C.G.A. § 42-5-36, information the disclosure of which would impact prison safety or security, where public disclosure, and/or information that would result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). By designating a document "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," counsel represent that they have a good faith belief that the designated document or material merits protection in one of these ways or that there is other good cause for protection of the document or material. By designating a document "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY," counsel represent that they have a good faith belief that the designated document or material merits protection in one of these ways or that there is other good cause for protection of the document or material, and further that the disclosure to another party or non-party would create a substantial risk of serious harm that cannot be avoided by less restrictive means.

7.  **REVISED BY THE COURT:** Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial

5

unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party must contact Beverly Lillie, Courtroom Deputy (478-752-3445) to request a telephone conference with the Court **BEFORE** filing a motion challenging a confidentiality

6

designation. Each such motion must be accompanied by a certification affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.     At the request of any person, or on its own motion, the Court may order that documents designated confidential be filed in the Court's public database in unredacted form, or with such redactions as the Court may order.

9.     Documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" shall be utilized only for purposes of this litigation, including appeals and related proceedings, and for no other purposes.

10.     In the event that either Party seeks to use documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" at a pretrial hearing or trial, including through argument or the presentation of evidence, counsel shall confer

on such procedures that are necessary to protect the confidentiality of such material used in the course of any court proceedings. Such materials shall not lose their confidential status through such agreed upon or Court ordered use. The Court may impose appropriate safeguards for the presentation of protected documents.

11.    Inadvertent failure to designate a document as "CONFIDENTIALSUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" shall not constitute a waiver of such claim and may be corrected upon notice to the parties or GDC. Upon receiving such notice, the parties or GDC shall thereafter mark and treat the material as so designated, and such material shall be fully subject to this Order from the date of such supplemental notice forward and shall exercise its best efforts to ensure redaction, return or destruction of such material as is appropriate under the provisions of this Order.

12.    Any person receiving a document marked "CONFIDENTIALSUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" shall not reveal the document to or discuss the information contained therein with any person not entitled to receive such information under the terms of this Order and shall use reasonable measures to store and maintain unredacted versions of such material, as well as any analyses, memoranda, notes, or other such materials generated based upon designated materials, to prevent unauthorized

8

disclosure. If any counsel for the Parties becomes aware of a violation of this Order, such attorney shall notify all counsel of record and shall meet and confer in good faith to determine how to remedy the violation.

13.     Each party or non-party that designates information or items for protection under this Order agrees to take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party or non-party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited under this Order. If it comes to a designating party or non-party's attention that information or items that it designated for protection do not qualify for protection, that designating party or nonparty must promptly notify all other parties that it is withdrawing the inapplicable designation.

14.     Upon termination of this lawsuit, including termination of any appeal from the final judgment of this Court, all confidential documents obtained, disclosed, or used pursuant to this order, and any unredacted copies thereof, shall be promptly destroyed or returned to the producing party, non-party, or person (and in no event later than ninety days after the termination).

9

15.     The provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom. Notwithstanding this provision, counsel may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain confidential documents so long as appropriate safeguards are imposed to prevent the use of any copies for any purpose. Any such copies remain subject to this Order.

16.     **DELETED BY THE COURT**

17.     **DELETED BY THE COURT**

18.     Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time,

with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

**SO ORDERED,** this 4th day of June, 2026.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

11